UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ELOUISE BRADLEY,

    Plaintiff,

v.

    Case No. 20-cv-661-pp

WISCONSIN DEPARTMENT OF CHILDREN AND FAMILIES,
MUSTEFA SABREE, JENNIFER SABREE,
JANE ABSHIRE, REBECCA MCFADDEN,
and CINDA K. STRICKER,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTIONS TO ALTER OR AMEND
JUDGMENT OR FOR RELIEF FROM JUDGMENT ORDER
(DKT. NOS. 15, 16)**

---

On December 18, 2020, the court concluded that the plaintiff's complaint failed to state a claim upon which relief could be granted and dismissed the case. Dkt. No. 13. The complaint alleged civil rights violations under 42 U.S.C. §1983 by the Wisconsin Department of Children and Families and several DCF employees. Dkt. No. 1 at 2. Though the complaint was somewhat unclear as to which of her civil rights the plaintiff believed had been violated, the court considered whether the defendants had violated her rights under the Ex Post Facto Clause or the Due Process Clause. Dkt. No. 13 at 6-7.

The court held that the DCF was not a suable entity under §1983 and dismissed it as a defendant. Id. at 11-12. It found that the plaintiff's allegation that the defendants had violated the *Ex Post Facto* Clause was based on a non-

1

penal statute, which meant that federal *ex post facto* protection did not apply. Id. at 17-18. As for the plaintiff's due process claims, the court held that "[t]he plaintiff does not identify the property of which she was deprived. She does not say how the DCF deprived her of any property right, or what process she believes she was due." Id. at 20. The court dismissed the entire complaint, and the case, for failure to state a claim.

Ten days later, the court the plaintiff filed a motion to alter or amend judgment or motion for relief from a judgment. Dkt. No. 15. On January 4, 2021, the court received the identical motion, dkt. no. 16, along with a document the plaintiff called a "supplement," which is a letter from the office of legal counsel at the Department of Children and Families to Judge Fleming, dkt. no. 17. The motions are identical so the court will reference only the most recently-filed motion.

On page 1, the plaintiff asks the court to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Dkt. No. 16 at 1. On page two, the plaintiff requests relief from the court's decision under Fed. R. Civ. P. 60(b). Id. at 2.

I.   **Rule 59(e) Motion to Alter or Amend Judgment**

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. The plaintiff must "bring to the district court's attention a manifest error of law or fact, or newly discovered evidence." Bordelon v. Chi. School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). The rule "does not provide a vehicle for a party to undo its own

2

procedural failures . . . ." Id. (quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)). Further, "[a] 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citations omitted).

The plaintiff's motion does not identify a manifest error of law or fact in the court's ruling—it does not discuss the court's ruling at all. It only repeats the allegations in the complaint (and in other complaints the plaintiff has filed). Nor does the motion identify newly discovered evidence. The supplement is a 2012 letter that was docketed in the plaintiff's 2015 case—there is nothing new about the letter and it does not provide the court with a reason to alter or amend the judgment. The court denies the plaintiff's Rule 59(e) motion. Dkt. Nos. 15, 16.

## II. Rule 60(b) Motion for Relief from Judgment

The Seventh Circuit has explained that parties seeking relief under Rule 60(b) face a high bar:

> Rule 60(b) is an extraordinary remedy "designed to address mistakes attributable to special circumstances and not merely erroneous applications of law." *Eskridge* [*v. Cook County*[, 577 F.3d [806,] at 809 [(7th Cir. 2009)] (affirming denial of Rule 60(b) motion), quoting *Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (quotation marks omitted). The district court may grant Rule 60(b) relief only "under the particular circumstances listed in the text of the rule." See Russell, 51 F.3d at 749. Rule 60(b) motions are not meant to correct legal errors made by the district court. See *Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1017-18 (7th Cir. 2002).

3

3SM Realty & Development, Inc. v. F.D.I.C., 393 F. Appx. 381, 384 (7th Cir. 2010). Rule 60(b) allows a court to grant relief from judgment for six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

The plaintiff states on page two of her motion that she is basing her request upon Rule 60(b)(3)—fraud. To obtain relief from judgment under Rule 60(b)(3), the plaintiff must demonstrate that "(1) the party maintained a meritorious claim at trial; and (2) because of the fraud, misrepresentation or misconduct of the adverse party; (3) the party was prevented from fully and fairly presenting its case at trial." Fields v. City of Chi., 981 F.3d 534, 558 (7th Cir. 2020) (internal quotation marks omitted). She "must prove fraud by clear and convincing evidence." Wickens v. Shell Oil Co., 620 F.3d 747, 759 (7th Cir. 2010).

The plaintiff appears to believe that Rule 60(b)(3) entitles her to relief if she alleges that someone defrauded her. That is not what Rule 60(b)(3) addresses. Rule 60(b)(3) is for those people who have a valid claim but are prevented from asserting it due to fraud committed by an opposing party. The plaintiff does not have a valid claim. This court has found that she does not have a valid claim. Other courts have found that she does not have a valid

claim. The plaintiff is not being prevented from asserting a valid claim due to fraud by the other parties in the case—the other parties in the case have not even been served with the lawsuit. The plaintiff does not have a valid claim to begin with—that is why the court dismissed the case.

### III. Conclusion

The court **DENIES** the plaintiff's motion to alter or amend a judgment or a motion for relief from a judgment order. Dkt. No. 15.

The court **DENIES** the plaintiff's motion to alter or amend a judgment or a motion for relief from a judgement order. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 3rd day of February, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**