UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ELOUISE BRADLEY,

    Plaintiff,

 v.

WISCONSIN DEPARTMENT
OF CHILDREN AND FAMILIES, *et al.*,

    Defendants.

Case No. 20-cv-661-pp

---

**ORDER CONSTRUING PLAINTIFF'S MOTION TO FILE EXHIBITS AS A MOTION TO ENLARGE THE RECORD ON APPEAL AND DENYING MOTION (DKT. NO. 25)**

---

  On April 24, 2020, the plaintiff, who is representing herself, filed this lawsuit. Dkt. No. 1. On December 18, 2020, the court dismissed the case for failure to state a claim. Dkt. No. 13. On February 3, 2021, the court denied the plaintiff's motion to alter or amend judgment or for relief from judgment. Dkt. No. 20. The plaintiff since has filed an appeal to the Seventh Circuit Court of Appeals. Dkt. No. 21.

  On February 23, 2021, the plaintiff filed a "Motion to File Exhibits." Dkt. No. 25. The top of the first page of the motion lists the United States District Court for the Eastern District of Wisconsin—this court. Id. at 1. Under the title of the motion, the plaintiff asks the court for permission to file the exhibits "in this Court," stating that she believes the exhibits will "help this Court to

1

understand [her] case better." Id. She attached thirty pages of proposed exhibits. Dkt. No. 25-1.

Although the plaintiff has asked to file the exhibits with *this* court—the district court—there currently is no case pending before this court. This court dismissed the plaintiff's case. Her case is now pending before the Seventh Circuit Court of Appeals in Chicago. So the court will construe the plaintiff's motion as a motion to add the exhibits to the record before the Seventh Circuit.

Federal Rule of Appellate Procedure 10(e)(1) states that "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." Fed. R. App. 10(e). Circuit Rule 10(b) of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit says that a party seeking to correct or modify the appellate record must first present her motion to the district court, and that the district court must include its order on the motion in the appellate record and send the order to the court of appeals.

Several of the pages the plaintiff wants to add to the record on appeal already appear on this court's docket, but the majority are new. These documents include filings from other cases, pages of previous investigations by the defendants, the docket in one of the plaintiff's former cases, copies of email communications among parties in this case and financial documents related to the plaintiff's former daycare business. Dkt. No. 25-1. The plaintiff does not need to add to the appellate record any documents she filed with this court

2

before this court dismissed her case, so her motion is unnecessary as to those documents. Any documents that the plaintiff did not provide to this court before it dismissed her case are irrelevant to the court of appeals, because that court decides whether this court's decision was wrong based only on the evidence that was before this court when it dismissed the case. The court will deny the plaintiff's motion to add the exhibits to the appellate record.

The court **CONSTRUES** the plaintiff's motion for leave to file exhibits as a motion to enlarge the record on appeal under Fed. R. App. P. 10(e) and **DENIES** the motion to enlarge the record. Dkt. No. 25.

The clerk will forward a copy of this order to the Seventh Circuit Court of Appeals in Appeal No. 21-1251.

Dated in Milwaukee, Wisconsin this 15th day of March, 2021.

                            **BY THE COURT:**

                            _____
                            HON. PAMELA PEPPER
                            **Chief United States District Judge**